Filed 7/29/16  P. v. Nolan CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>GREGORY MOSES NOLAN,<br><br>        Defendant and Appellant. | F070274<br><br>(Super. Ct. No. BF153422A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Melissa Baloian Sahatjian, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

A jury convicted Gregory Moses Nolan of bringing methamphetamine into the county jail (Pen. Code, § 4573) and possession of methamphetamine (Health & Saf.

---

\*        Before Kane, Acting P.J., Franson, J. and Peña, J.

Code, § 11377, subd. (a)). Appellate counsel filed a brief asserting she could not identify any arguable issues in the case. After a thorough review of the record we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

The amended information charged Nolan with two counts, (1) knowingly bringing a controlled substance into county jail in violation of Penal Code section 4573, and (2) possession of methamphetamine for the purpose of sale in violation of Health and Safety Code section 11378. The information also alleged the following enhancements: (1) two prior convictions that constituted strikes within the meaning of Penal Code section 667, subdivisions (b)-(i) (counts one and two); (2) six prior convictions that resulted in a prison sentence within the meaning of Penal Code section 667.5, subdivision (b) (counts one and two); and (3) a prior conviction for violation of Health and Safety Code section 11351 within the meaning of Health and Safety Code section 11370.2, subdivision (c) (count two).

Four witnesses testified at the trial. Kern County Probation Officer Justin Greemore testified that during the time period in question he was Nolan's probation officer. On February 1, 2014, he conducted an unannounced probation search of Nolan's residence. Nolan was not present at the time. Greemore discovered a methamphetamine pipe in the residence. He left a note instructing Nolan to appear at his office on February 4.

Nolan appeared at the probation office as directed. Greemore's intent was to arrest Nolan for a probation violation because of the methamphetamine pipe. Nolan was arrested and transported to the county jail. During the booking process, Nolan was searched. During the search, Greemore discovered a plastic bag in Nolan's sock. Inside the plastic bag, Greemore discovered five bindles that appeared to contain a controlled substance. In Nolan's other sock, Greemore discovered more bindles which appeared to

2.

contain a controlled substance. The booking area where these events occurred was subject to video recording. The recording of these events was played for the jury.

Jeanne Spencer, a criminalist with the Kern Regional Crime Laboratory, tested the substance found in Nolan's possession and determined it contained methamphetamine.

Kern County Probation Officer David Driskill testified as an expert witness for the prosecution. He opined Nolan possessed the methamphetamine for the purposes of sale because of the quantity of methamphetamine that was recovered.

Kern County Probation Officer Eugene Roberts testified that he was the probation officer for Nolan before Greemore. In response to cross-examination that suggested that Nolan did not live at the address searched by Greemore, Roberts testified that Nolan told him on several occasions he lived at the address at which Greemore found the methamphetamine pipe.

The jury found Nolan guilty of bringing a controlled substance into the county jail, but not guilty of possession of methamphetamine for the purposes of sale. Instead, it found Nolan guilty of the lesser included offense of simple possession of methamphetamine.

Nolan waived his right to a jury trial on the enhancement allegations. The prosecutor introduced into evidence certified copies of the prison packets for each of the priors. The trial court found the allegations true.

Nolan filed a request with the trial court to strike his prior convictions that constituted strikes within the meaning of section 667, subdivisions (b)-(i). (Pen. Code, § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The trial court denied the request citing Nolan's long and uninterrupted criminal record. The trial court then sentenced Nolan to the upper term of four years for count one, and doubled that term because of the strike prior. That term was enhanced by one year for one of the prior prison term allegations, for a total term of nine years. The remaining enhancements on

3.

count one were struck. The sentenced imposed for count two was stayed pursuant to Penal Code section 654.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting that after reviewing the record she could not identify any arguable issues in the case. By letter dated July 8, 2015, we invited Nolan to advise us of any issues he wished addressed in this appeal. Nolan did not respond to our letter.

After a thorough review of the record, we agree with appellate counsel that there are no arguable issues in the case. We note that defense counsel filed a motion to suppress asserting the search at the county jail violated his Fourth Amendment rights. However, the trial court correctly denied the motion as the search was incident to a lawful arrest.

Nolan also filed two motions requesting different appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which the trial court denied. After reviewing the record, we agree with the trial court that neither motion had merit.

The remainder of the proceedings were straightforward. The evidence was presented through four witnesses. The parties agreed on the jury instructions, although defense counsel objected to the trial court instructing the jury on the lesser included offense for count two of simple possession of methamphetamine. The trial court properly overruled the objection. (*People v. Breverman* (1998) 19 Cal.4th 142, 154-155.) Closing arguments were straightforward concentrating on the evidence presented and the inferences which could be reasonably be drawn from the evidence. Defense counsel effectively cross-examined the witnesses, and made reasonable arguments in an attempt to convince the jury it should acquit Nolan. The fact Nolan was found not guilty of the charge of possession of methamphetamine for sale, a favorable outcome, suggests defense counsel was effective in his attempts in the face of overwhelming evidence of Nolan's guilt.

4.

**DISPOSITION**

The judgment is affirmed.